UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CRAIG LAMONT RUCKER,
Inmate No. X13105,
  Plaintiff,

vs.           Case No.: 3:19cv3514/RV/EMT

SERGEANT DAVIDSON,
  Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Craig Lamont Rucker, an inmate of the Florida Department of Corrections (FDOC) currently confined at Charlotte Correctional Institution, is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983 on September 13, 2019 (ECF No. 1). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). On July 29, 2020, Defendant filed a motion to dismiss (ECF No. 23) arguing, among other things, that the action should be dismissed as malicious based on Plaintiff's failure to fully disclose his litigation history, as required by the court-approved civil rights complaint form. Upon review of Defendant's motion and Plaintiff's amended

complaint,[1] the undersigned finds Plaintiff in fact did not disclose his full litigation history and that the court, therefore, must *sua sponte* dismiss the action pursuant to 28 U.S.C. § 1915(e)(2)(B).

Pursuant to § 1915(e)(2)(B), because Plaintiff is proceeding in forma pauperis, the court must dismiss the action at any time if it determines it is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B). A plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as "malicious" under § 1915(e)(2)(B)(i). *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also, e.g.*, *Sears v. Haas*, 509 F. App'x 935, 935–36 (11th Cir. 2013) (unpublished) (dismissal of action without prejudice as malicious for abuse of judicial process was warranted where inmate failed to disclose case he had filed against prison officials just five months earlier, and failed to disclose another case he filed six years earlier which had been dismissed prior to service for failure to state

---

[1] Plaintiff did not file a response to Defendant's motion to dismiss, and the time for doing so has passed. *See* N.D. Fla. Loc. R. 7.1(E) (setting 14-day response deadline).

Case No. 3:19cv3514/RV/EMT

a claim); *Harris v. Warden*, 498 F. App'x 962, 964–65 (11th Cir. 2012) (unpublished) (dismissal of action without prejudice for abuse of judicial process was warranted where inmate made no attempt to disclose his prior cases in his original and amended complaints); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132–33 (11th Cir. 2012) (unpublished) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service); *Redmon v. Lake Cty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (unpublished) (prisoner's failure to disclose previous lawsuit filed in district court while he was a prisoner constituted abuse of judicial process warranting dismissal of his pro se § 1983 action, because prisoner's misrepresentation was not excused by his explanation that he misunderstood complaint form on which he represented, under penalty of perjury, that he did not file any prior lawsuits with similar facts or otherwise relating to his imprisonment or conditions of imprisonment); *Shelton v. Rohrs*, 406 F. App'x 340, 340–41 (11th Cir. 2010) (unpublished) (affirming dismissal of action without prejudice for prisoner plaintiff's abuse of judicial process where plaintiff failed to

disclose four previous civil actions; even if prisoner did not have access to his legal materials, he would have known that he filed multiple previous lawsuits); *Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940–41 (11th Cir. 2010) (unpublished) (district court did not abuse its discretion when it sanctioned Florida prisoner proceeding in forma pauperis by dismissing his civil rights lawsuit *sua sponte* for not disclosing all of the information that was known to him with regard to his prior cases, even though prisoner could not afford to pay copying and certification costs charged by Florida state courts and he no longer had documents necessary to answer fully due to FDOC rule prohibiting possession of "excess legal material"); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished) (dismissal of pro se state inmate's § 1983 action as sanction for providing false answers to unambiguous questions on complaint form regarding prior lawsuits was not an abuse of discretion, even though inmate conceded in his objections to magistrate judge's report and recommendation that his disclosures were incomplete, finding that to allow inmate to continue with suit would have served to overlook his abuse of judicial process).

In general, a dismissal without prejudice does not amount to an abuse of discretion. *See Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th

Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion).  Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit.  *See Kotzen v. Levine*, 678 F.2d 140 (11th Cir. 1982).

Upon review of Plaintiff's amended complaint, the undersigned has determined this action is malicious and thus recommends dismissal under § 1915(e)(2)(B)(i).  Section IV of the complaint form requires Plaintiff to disclose information regarding prior lawsuits he filed in state and federal court (ECF No. 11 at 3–5).[2]  Question C of Section IV asks, "Have you initiated actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (*id.* at 4) (emphasis in original).  Plaintiff responded "No" (*id.*).  At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I**

---

[2] The court refers to the page numbers automatically assigned by the court's electronic filing system, rather than the page numbers of the original document.

**DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (*id.* at 7) (emphasis in original).

As routinely recognized by this court, the information from Section IV of the form is useful to the court in many ways:

> . . . it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, Case No. 3:00cv249/RH, Order of Dismissal, ECF No. 10 (N.D. Fla. Oct. 27, 2000). Further, because prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the disposition of those cases, can be considerable.

The court takes judicial notice—as Defendant requests (*see* ECF No. 23 at 4)—that at the time Plaintiff filed his amended complaint in this case on February

14, 2020, he had previously filed at least two federal habeas corpus actions he failed to disclose: *Rucker v. Sec'y, Dep't of Corr., et al.*, Case No. 6:08cv486/ACC/GJK (M.D. Fla.), and *Rucker v. Sec'y, Dep't of Corr., et al.*, Case No. 6:15cv549/ORL/31GJK (M.D. Fla.).[3]  Both of these cases can be positively identified as having been filed by Plaintiff because they bear his FDOC inmate number, X13105.[4]

The court is authorized to control and manage matters such as this case pending before it, and Plaintiff's status does not excuse him from conforming to acceptable standards in approaching the court.  If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened.  The court will not tolerate false responses or statements in any pleading or motion filed before it.  Here, Plaintiff falsely responded to a question on the complaint form, as

---

[3] As previously noted, Plaintiff did not file a response to the motion to dismiss, which is required if he "opposes the motion" (failing which the motion may be granted).  *See* N.D. Fla. Loc. R. 7.1(E), (H).  It thus appears Plaintiff does not contest the assertion that he filed the prior habeas actions—or object to the court's taking judicial notice of the same.   It should also be noted that Plaintiff failed to disclose these habeas cases on his original complaint, filed September 13, 2019 (*see* ECF No. 1 at 1, 2).

[4] Plaintiff filed the federal habeas corpus actions under the name "Craig Rucker."  He filed the instant action under the name "Craig Lamont Rucker."  When checking Plaintiff's litigation history, the undersigned's chambers searched using Plaintiff's full name; the search did not reveal the federal habeas corpus cases filed under only Plaintiff's first and last names.

detailed above.  Plaintiff knew, or from reading the complaint form should have known, that truthful disclosure of his previous lawsuits was required.  If Plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants.  Therefore, this court should not allow Plaintiff's false response to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.[5, 6] *See Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) (holding that failure to disclose eight habeas

---

[5] Providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuits which he failed to identify would equate to overlooking his abuse of the judicial process. *See Hood*, 197 F. App'x at 819.  Amendment would not change the fact that Plaintiff failed to disclose all of the cases he was required to disclose, despite his knowledge that accurate disclosure of his litigation history on the complaint form was required.

[6] A dismissal without prejudice does not equate to a dismissal with prejudice due to a statute of limitations issue.  The statute of limitations for claims under § 1983 is four years. *See Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (four-year statute of limitations for § 1983 claims for which Florida is the forum state).  Plaintiff states the alleged constitutional violations occurred on June 21, 2017, at the earliest (*see* ECF No. 11 at 5–6).  He thus has adequate time to file another civil rights action.

Case No. 3:19cv3514/RV/EMT

petitions showed clear and willful misconduct, warranting dismissal pursuant to 28 U.S.C. § 1915); *see Rivera*, 144 F.3d at 731 (dismissal of an action without prejudice as a sanction for a pro se prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, is proper); *Spires*, Case No. 3:00cv249/RH, Order (N.D. Fla. Oct. 27, 2000) ("Dismissal without prejudice is not too severe a sanction under these circumstances."). Plaintiff is warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it respectfully **RECOMMENDED**:

1.     That this case be **DISMISSED WITHOUT PREJUDICE** as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

2.     That the clerk of court enter judgment accordingly and close this case.

At Pensacola, Florida, this 8th day of September 2020.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 3:19cv3514/RV/EMT